UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHAN J MIRACH,

    Plaintiff,

    v.                                                Case No. 3:23-CV-1089-CCB

BRANSON EBER,

    Defendant.

## OPINION AND ORDER

On November 15, 2023, Plaintiff Stephan Mirich[1] filed a complaint in Indiana state court seeking relief under 42 U.S.C. § 1983 for an alleged false arrest made during a traffic stop. (ECF 4). The case was removed to this Court on December 20, 2023. (ECF 1). Of the defendants named in the complaint, only Logansport Police Officer Branson Eber remains a defendant to this action. Before the Court is Officer Eber's motion for summary judgment. (ECF 35). Mr. Mirich has not responded to this motion. For the following reasons, the Court grants Officer Eber's motion and dismisses this lawsuit in its entirety.

    I.      Relevant Background

As required by the local rules of this district, Officer Eber filed a statement of material facts to accompany his motion for summary judgment. (ECF 37). Mr. Mirich did not respond to this statement of facts. Accordingly, the Court deems admitted those

---

[1] Though Plaintiff's name is spelled "Mirach" in the caption of this case and in much of the briefing, his name is actually "Mirich." (ECF 36-1 at 3).

facts in Officer Eber's statement that are supported by evidence in the record. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012). The Court summarizes these supported facts below.

On November 26, 2021, Mr. Mirich drove from Portage, Indiana, to Logansport, Indiana, to meet an acquaintance. (ECF 36-1 at 51:20–52:4). He had consumed neither drugs nor alcohol. (ECF 36-1 at 53:22–54:9). Unfamiliar with Logansport and unsure of where he was going, Mr. Mirich turned the wrong way onto a one-way street. (ECF 36-1 at 54:13–55:16). The street was clearly signed as a one-way, but Mr. Mirich was fumbling with his phone while turning and did not notice the signage. (*Id.*; ECF 36-2 at 34:10–11). At the sight of oncoming traffic, he pulled up onto a curb, facing the wrong way on the one-way street. (ECF 36-1 at 56:3–57:23; 58:2–4). Officer Eber noticed Mr. Mirich's vehicle driving against traffic on the one-way street, and observed Mr. Mirich drive up onto the curb. (ECF 36-2 at 9:18–20; 33:18–34:6). He approached Mr. Mirich's vehicle and requested Mr. Mirich's license and registration, which Mr. Mirich handed over. (ECF 36-1 at 62:2–7). Officer Eber asked Mr. Mirich where he was going, and Mr. Mirich responded that he was lost. (*Id.*)

Officer Eber had received training on how to recognize intoxication or impairment in a driver, including specialized training on the detection of intoxication unrelated to alcohol. (ECF 36-2 at 36:9–11; 37:22–38:10). He asked Mr. Mirich whether he was on anything, listing PCP, cocaine, and heroin as examples. (ECF 36-1 at 62:16–63:22). Mr. Mirich responded with frustration that he was not. (ECF 36-1 at 63:18–22). Officer Eber then directed Mr. Mirich out of the car, read Mr. Mirich something from a

2

card, and administered a portable breath test. (ECF 36-1 at 64:4–65:4). The results of the portable breath test indicated that Mr. Mirich's blood alcohol level was .006. (ECF 36-2 at 23:2–4). Next, Officer Eber put Mr. Mirich through multiple field sobriety tests that involved walking and standing on one leg. (ECF 36-2 at 13:2–8; 15:14–25; 17:2–20). Mr. Mirich understood the tasks he was being asked to do, and did not believe that any environmental factors impaired his ability to perform the test actions. (ECF 36-1 at 70:12–13). During each test, Mr. Mirich displayed signs of intoxication. (ECF 36-2 at 13:2–8; 15:14–25; 17:2–20). These tests, combined with Mr. Mirich's driving behavior, poor dexterity, slurred voice, and diminished pupil reactivity to light, contributed to Officer Eber's conclusion that Mr. Mirich was intoxicated. (ECF 36-2 at 18:8–14; 37:5–12; 41:21–42:5, 42:13–18).

Mr. Mirich denies that he was intoxicated. He believes that Officer Eber "had no evidence to take [him] to jail," (ECF 36-1 at 103:9), and that Officer Eber should have "figured out [he] was not intoxicated," (ECF 36-4 at 12). But based on Officer Eber's experience as an investigator and his observations of Mr. Mirich's driving conduct, performance on the field sobriety tests, and general behavior, Officer Eber believed it was likely that Mr. Mirich had used narcotic drugs, and therefore there was probable cause to arrest him. (ECF 36-2 at 32:3–13; ECF 3 at 1–4).

## II.   LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the

3

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

To determine whether a genuine dispute of material fact exists, the Court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). But the Court will not "sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Nor will the Court conduct research or develop arguments for the parties. *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011); *see also United States v. Beavers*, 756 F.3d 1044, 1059 (7th Cir. 2014) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").

To survive summary judgment, the nonmovant "cannot rest on the mere allegations or denials contained in his pleadings, but must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (internal quotations omitted), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016). Summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (quotations omitted); *see also Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

### III.   ANALYSIS

After a motion for summary judgment is filed, the local rules of this district provide the nonmovant 28 days to respond. N.D. Ind. L.R. 56-1(b). It has been more than six months since Officer Eber filed his motion on June 23, 2025. During that time Mr. Mirich has neither responded nor sought an extension of time to respond. But "a nonmovant's failure to respond to a summary judgment motion . . . does not, of course, automatically result in judgment for the movant." *Keeton*, 667 F.3d at 884 (quoting *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). Officer Eber must still demonstrate that he is entitled to judgment as a matter of law. *See id.*

Officer Eber argues that he is entitled to that judgment for three reasons. First, he contends that he had probable cause to arrest Mr. Mirich for operating his motor vehicle while intoxicated. Second, he argues that even if he didn't have probable cause for arresting Mr. Mirich, he had arguable probable cause for the arrest and is thus shielded by qualified immunity. Third, he argues that Mr. Mirich did not disclose the claim he presses in this case during a bankruptcy proceeding and therefore should be judicially estopped from recovering here. The Court addresses each of these arguments below.

####    a. Probable Cause

Officer Eber first contends that he is entitled to summary judgment because he had probable cause to arrest Mr. Mirich. The Court agrees.

Probable cause is an absolute defense to a false arrest claim under the Fourth Amendment and § 1983. *Dollard v. Whisenand*, 946 F.3d 342, 353 (7th Cir. 2019). Such probable cause is established when "the facts and circumstances within the arresting

officer's knowledge and of which he has reasonably trustworthy information" would lead a prudent person to believe that "the suspect had committed or was committing an offense." *Id.* The Seventh Circuit has emphasized that this is a "common-sense inquiry requiring only a probability of criminal activity." *Leaver v. Shortess*, 844 F.3d 665, 669 (7th Cir. 2016). Section 9-30-5-2 of the Indiana Criminal Code prohibits the operation of a motor vehicle while intoxicated. Any drug that impairs thought, action, or normal control of a person's faculties may cause intoxication under the statute. Ind. Code § 9-13-2-86. This includes, but is not limited to, alcohol.

It is undisputed that Officer Eber was trained to conduct field sobriety tests, and that he received advanced training on detecting non-alcoholic impairment and intoxication in drivers. It is also undisputed that Officer Eber's observation of Mr. Mirich yielded multiple indicators of intoxication, including Mr. Mirich's driving behavior, poor dexterity, slurred voice, and diminished pupil reactivity. Officer Eber administered field sobriety tests in line with standard procedure, and Mr. Mirich showed signs of intoxication on every test. Though Mr. Mirich denied that he was intoxicated, emphasizing that his .006 blood alcohol reading was below the legal limit, it was the suspicion of drug intoxication, not alcohol intoxication, that led Officer Eber to arrest Mr. Mirich.

The numerous indicia of intoxication observed by Officer Eber created probable cause. Poor dexterity, a slurred voice, diminished pupil reactivity, and multiple failed field sobriety tests, to say nothing of the fact that Mr. Mirich's car mounted the curb while driving the wrong way on a one-way street, is more than enough to meet the

"common-sense standard" of probable cause. *Braun v. Vill. of Palatine*, 56 F.4th 542, 549 (7th Cir. 2022) (finding that the defendant's slurred speech, difficulty balancing, bloodshot and glassy eyes, and multiple failed field sobriety tests "easily provided probable cause" to think he had been driving while intoxicated). Mr. Mirich's blood alcohol level does not matter because the Indiana statute's prohibition on intoxicated driving is not limited to alcohol intoxication. The "the facts and circumstances" within Officer Eber's knowledge would compel a prudent person to conclude that Mr. Mirich probably violated the Indiana statute. *Dollard*, 946 F.3d at 353. Because Officer Eber had probable cause, and probable cause is an absolute defense to a claim under the Fourth Amendment and § 1983, Officer Eber is entitled to summary judgment on this ground.

### b. Qualified Immunity

Officer Eber next argues that, even if he lacked probable cause to arrest Mr. Mirich, probable cause was sufficiently arguable such that he is shielded by qualified immunity. Again, the Court agrees.

Under the doctrine of qualified immunity, government officials are not liable "for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Once qualified immunity has been raised in affirmative defense, the burden rests on the plaintiff to show that it does not apply to the defendant. *Jewett v. Anders*, 521 F.3d 818, 823 (7th Cir. 2008). Qualified immunity is a broad shield, protecting "all but

7

the plainly incompetent or those who knowingly violate the law" from civil liability. *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).

In the context of false arrest claims, "the central question for qualified immunity is whether the officer had 'arguable probable cause.'" *Petersen v. Pedersen*, 140 F.4th 421, 427 (7th Cir. 2025) (quoting *Mwangangi v. Nielsen*, 48 F.4th 816, 825 (7th Cir. 2022)). For probable cause to be arguable, "a reasonable officer in the same circumstances and possessing the same knowledge as the officer in question" must have been able to reasonably believe that probable cause existed "in light of well-established law." *Id.* (quoting *Huff v. Reichert*, 744 F.3d 999, 1007 (7th Cir. 2014)).

As the Seventh Circuit has pointed out, if a police officer had actual probable cause to arrest a person, he "necessarily acted with *arguable* probable cause." *Id.* at 428. Based on the litany of evidence detailed above, Officer Eber had probable cause to arrest Mr. Mirich. But "[e]ven if the existence of actual probable cause were less clean cut than it is here," Officer Eber would still be entitled to qualified immunity because a reasonable officer, if confronted with the same extensive indicia of intoxication that Officer Eber observed, would certainly be able to reasonably believe that probable cause existed under well-established law. *Id.* Because Officer Eber is qualifiedly immune from civil liability, and qualified immunity is no "mere defense" but total "*immunity from suit*," Officer Eber is entitled to summary judgment. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

### c. Estoppel

Lastly, Officer Eber argues that Mr. Mirich is judicially estopped from recovery on his false arrest claim because Mr. Mirich failed to disclose the claim as an asset in a bankruptcy proceeding. Once more, the Court agrees.

Mr. Mirich filed for Chapter 13 bankruptcy on November 30, 2018. (ECF 36-5 at 1). He was issued a discharge by the United States Bankruptcy Court for the Northern District of Indiana on March 29, 2024. (ECF 36-8). During the pendency of the bankruptcy, Mr. Mirich settled a personal injury claim arising from a motor vehicle accident. (ECF 36-11). He disclosed this during the bankruptcy proceeding, and portions of the settlement were allocated to the Chapter 13 trustee. (ECF 36-11 at 1). But though this action's underlying arrest occurred during the pendency of the bankruptcy, at no point did he disclose this claim to the bankruptcy court. (ECF 36-1 at 13:2–14:10).

Judicial estoppel is an equitable doctrine that bars parties from pressing one theory in litigation, then later adopting a contradictory theory to obtain an advantage. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). In the context of bankruptcy, a debtor may not conceal a legal claim, receive a discharge on that basis, then pursue the claim after the discharge. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). If the evidence shows that the concealment of the claim was inadvertent, however, judicial estoppel may be inappropriate. *New Hampshire*, 532 U.S. at 753. It is within the discretion of this Court to determine whether the evidence suggests that the concealment was intentional. *See Williams v. Hainje*, 375 Fed. App'x 625, 628 (7th Cir. 2010).

9

Here, it seems likely that the concealment was intentional. During the pendency of his bankruptcy, Mr. Mirich disclosed a personal injury claim to the bankruptcy court. Like the false arrest claim that is the subject of this motion, the underlying facts of the personal injury claim occurred after the bankruptcy proceeding had begun. Once the personal injury claim was settled, the bankruptcy court allocated a portion of the proceeds to the bankruptcy trustee. So it strikes the Court as unlikely that after going through the process of disclosing his personal injury claim and forfeiting a substantial portion of the settlement proceeds to the bankruptcy trustee, Mr. Mirich still did not realize he had to disclose this claim during his bankruptcy proceeding. Judicial estoppel exists to "prevent improper use of judicial machinery" by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire*, 532 U.S. at 749–50 (internal quotations omitted). Based on the undisputed facts, it appears that Mr. Mirich intentionally concealed this claim during his prior bankruptcy proceeding. Thus, judicial estoppel is appropriate here. Officer Eber is entitled to judgment as a matter of law on this ground as well.

### IV.  CONCLUSION

For these reasons, the Court **GRANTS** Officer Eber's Motion for Summary Judgment (ECF 35). The Clerk is **DIRECTED** to close this case.

SO ORDERED on February 17, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT